Renee J. Waters
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
Telephone: (520) 791-4221
Fax: (520) 623-9803
Renee.Waters@tucsonaz.gov
State Bar No. 031691
*Attorneys for Defendants City of Tucson, Nicolo Solarino, Francisco Santa Maria, Marco Durazo, Sean Yeandle, Henry Gamez, Donovan Vance, Ryan Ake, Joseph Gradias, Eric Evans, Scott Ellis, Raymond Fleck, Silas Spencer, Keith Goldstein (hereafter "City Defendants")*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irene Briseno, on her own behalf and as the personal representative of the estate of Damian Eryko Alvarado, <br><br> Plaintiff, <br><br> vs. <br><br> City of Tucson; Nicolo Solarino (Tucson Police); Francisco Santa Maria (Tucson Police); Marco Durazo (Tucson Police); Sean Yeandle (Tucson Police); Henry Gamez (Tucson Police); Donovan Vance (Tucson Police); R. Ake (Tucson Police); Joseph Gradias (Tucson Police); Eric Evans (Tucson Police); Scott Ellis (Tucson Police); Raymond Flex (Tucson Fire); Silas Spencer (Tucson Fire); Keith Goldstein (Tucson Fire); and Justin Canovali (private citizen), all in their individual capacities, <br><br> Defendants. | No. 4:22-cv-00132 <br><br> **DEFENDANT CITY OF TUCSON'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> (Assigned to Hon. Raner C. Collins) |

Defendants City of Tucson, Nicolo Solarino, Francisco Santa Maria, Marco Durazo, Sean Yeandle, Henry Gamez, Donovan Vance, Ryan Ake, Joseph Gradias, Eric Evans, Scott Ellis, Raymond Fleck, Silas Spencer, and Keith Goldstein (hereafter "City Defendants" or identified individually by last name), hereby submit the following reply in support of their motion to dismiss as follows.

1

An arrest can go wrong even in the absence of wrongdoing. The purpose of 42 U.S.C. § 1983 is not to hold governmental officials responsible for every bad outcome but only for violations of constitutional rights that were clearly established at the time of the incident. Similarly, under Arizona state law, a Plaintiff must do more than show a lamentable outcome; she must demonstrate gross negligence. Here, Plaintiff has pled only a bad outcome. She certainly has not made the case that Defendants acted with deliberate indifference, with gross negligence, or in a way that shocks the conscience.

Defendants fully articulated the basis for their Motion to Dismiss and will here address a couple of points from Plaintiff's Response. (Doc. 54).

### I. All Defendants moved to dismiss Plaintiff's Fourteenth Amendment claim for deliberate indifference.

For some reason, Plaintiff alleges that Defendants failed to move to dismiss this claim. However, the rationale for dismissing the paramedics was addressed in Sec. II(A), and the basis for dismissing the Tucson police officers was addressed in Sec. II(B)(4). (Doc. 49). Indeed, Defendants cited to case law on behalf of both groups of individual Defendants that Plaintiff did not contravene or seek to distinguish.

With respect to the paramedics, Plaintiff's Complaint does not allege that Alvarado suffered from a serious medical need that paramedics failed to address. Instead, the Complaint makes plain that paramedics undertook approximately eight minutes of medical evaluation of Alvarado. (Doc. 1, ¶ 144). The Complaint further states that paramedics determined Alvarado "was medically stable." The Complaint does not allege that this conclusion was drawn in bad faith or even that it was in error. The Complaint makes no case for the paramedics or officers to have disregarded the determination that Alvarado was medically stable. And indeed, the Complaint alleges that Alvarado gave no indication of distress after the medical evaluation was complete. (Doc. 1, ¶ 145).

As for the officers, it is enough that they summoned medical assistance. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090 (9th Cir. 2006). No clearly established law

2

asks police officers to override the medical judgment of paramedics who have assessed a subject.

The Complaint itself makes clear that none of the individual Defendants were deliberately indifferent to Alvarado's medical need, and where Plaintiff cannot demonstrate deliberate indifference, she certainly cannot show that the alleged conduct shocks the conscience.

## II. Plaintiff did not address Defendants' argument that she cannot bring Count VIII or Defendants' analysis regarding Count V.

Count VIII is brought by Plaintiff on her own behalf under the Fourteenth Amendment's liberty interest. Plaintiff did not address Defendants' arguments that Plaintiff's ability to bring her own claim under the liberty interest clause is not clearly established.

Additionally, Plaintiff fails to address Defendants' analysis regarding the factual allegations meant to support Count V. While drug addiction can be a disability under the A.D.A and Plaintiffs allege that Alvarado suffered from drug addiction, the Complaint does not allege that officers were aware of that fact. The Complaint alleges only that officers knew Alvarado was under the influence of a drug at the time of the incident. But there is no indication that drug use, as opposed to drug addiction, is covered by the A.D.A.[1] And while Plaintiff is entitled to all reasonable inferences in her favor at the pleading stage, the Complaint is quite specific in its allegations regarding Alvarado's drug use, and it is simply not alleged nor reasonable to infer that officers were aware of Alvarado's *addiction*.

## CONCLUSION

The Complaint describes an interaction between Alvarado and police and paramedics that ended badly, nothing more. It does not allege deliberate indifference or

---

[1] Without reflection, this may seem like a distinction without a difference, but in practice (*e.g.* for insurance coverage, mitigation in criminal cases, eligibility for treatment and services) the distinction is a relevant one.

3

disregard; it does not allege discrimination or gross negligence. It describes only tragedy. But such is not enough to deprive government officials of qualified immunity or to establish liability for a bad turn of events. For that reason and the arguments set forth in Defendants' Motion to Dismiss, Defendants' motion should be granted.

DATED: September 13, 2022.

            MICHAEL G. RANKIN
            City Attorney

         By  s/ Renee J. Waters
            Renee J. Waters
            Principal Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul Gattone
Law Office of Paul Gattone
301 South Convent
Tucson, Arizona 85701
gattonecivilrightslaw@gmail.com
  *Attorney for Plaintiff*

By E. Acosta/rdv