Renee J. Waters
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ  85726-7210
Telephone: (520) 791-4221
Fax: (520) 623-9803
Renee.Waters@tucsonaz.gov
State Bar No. 031691
*Attorneys for Defendants City of Tucson, Nicolo Solarino, Francisco Santa Maria, Marco Durazo, Sean Yeandle, Henry Gamez, Donovan Vance, Ryan Ake, Joseph Gradias, Eric Evans, Scott Ellis, Raymond Fleck, Silas Spencer, Keith Goldstein (hereafter "City Defendants")*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irene Briseno, on her own behalf and as the personal representative of the estate of Damian Eryko Alvarado,<br><br>Plaintiff,<br><br>vs.<br><br>City of Tucson; Nicolo Solarino (Tucson Police); et al.,<br><br>Defendants. | No. 4:22-cv-00132<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>(Assigned to Hon. Raner C. Collins) |

Come now Defendants, by and through undersigned counsel, and submit the following Reply to Plaintiff's Notice of Supplemental Authority (Doc. 58).

Plaintiff submitted supplemental authority, *Perkins v. Edgar*, 2022 WL 14476272 (9th Cir. Oct. 25, 2022), in support of her opposition to Defendants' Motion to Dismiss. Defendants agree that this Court should consider the supplemental authority submitted.

While the case does not change the analysis related to Plaintiff's Fourth Amendment claim, the case supports Defendants' arguments related to Plaintiff's claims for deliberate indifference to a medical need (Doc. 49, Sec. II(B)(4)) and for a Fourteenth Amendment claim for loss of familial association (Doc. 49, Sec. III).

With respect to Plaintiff's Fourth Amendment claim, Perkins only reiterates the standard which the parties here have previously briefed. Placing an officer's body weight

1

on a restrained suspect's neck and torso can constitute excessive force. But here, unlike in *Perkins*, officers applied body weight to Mr. Alvarado only long enough to secure him in restraints. And when contemplating the denial of qualified immunity, every distinction makes a difference.

In *Perkins*, the Ninth Circuit overturned the denial of qualified immunity to officers on claims related to failure to render aid and loss of familial association, finding that the plaintiff failed to meet the high "shocks the conscience," deliberate indifference standard applicable to both claims. Specifically, the Ninth Circuit held that the officers who summoned aid were still entitled to qualified immunity even though Perkins seemingly did not receive the aid that they summoned because no one directed the paramedics specifically to the plaintiff. And because the Perkins plaintiff could not meet the standard for the first claim, it necessarily meant that she also could not meet the standard on the loss of association claim.

Here, officers did precisely what the Ninth Circuit has said that they must – they promptly summoned medical aid for Mr. Alvarado.

DATED: January 3, 2023.

                                          MICHAEL G. RANKIN
                                        City Attorney

                                      By    s/ Renee J. Waters
                                                   Renee J. Waters
                                                   Principal Assistant City Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul Gattone
Law Office of Paul Gattone
301 South Convent
Tucson, Arizona 85701
gattonecivilrightslaw@gmail.com
    *Attorney for Plaintiff*

By E. Acosta/rdv

3