☒ FILED    ☐ LODGED

**Mar 26, 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Irene Briseno, *on her own behalf and as the personal representative of the estate of Damian Eryko Alvarado* | CV 22-00132-TUC-RCC |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| Nicolo Solarino (Tucson Police); Sean Yeandle (Tucson Police); Henry Gamez (Tucson Police); Ryan Ake (Tucson Police); Joseph Gradias (Tucson Police); and Justin Canovali (private citizen), *all in their individual capacities,* | |
| Defendant. | |

**Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.**

**It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.**

**Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited

**purpose, you must do so, and you may not consider that evidence for any other purpose.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things

or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**The plaintiff brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.**

In order to establish a claim under 42 U.S.C. § 1983, the plaintiff must prove that a defendant's conduct was a cause of the alleged injury. To meet this requirement, the plaintiff must prove both cause-in-fact and proximate cause.

Conduct is a cause-in-fact of an injury if the injury would not have occurred but for that conduct. Conduct is a proximate cause of an injury if it was not just any cause, but one that has a sufficiently direct connection to the injury. In determining proximate cause, you may consider whether the injury was a reasonably foreseeable result of the defendant's conduct.

A person deprives another of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. The requisite causation can be established either by some kind of direct personal participation in the deprivation or by setting in motion a series of acts by others which the actor knows

or reasonably should know would cause others to inflict the constitutional injury.

A police officer's liability under section 1983 is predicated on his integral participation in the alleged violation. Thus, an officer could be held liable where he is just one participant in a sequence of events that gives rise to the alleged constitutional violation. Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer.

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Plaintiff must show that each defendant personally played a role in violating the Constitution. An official is liable under § 1983 only if culpable action, or inaction, is directly attributed to them.

A defendant may be liable under § 1983 if the defendant:

personally performed an act that caused the alleged constitutional violation; participated in another person's act that caused the violation; or set in motion a series of acts by others that the defendant knew, or reasonably should have known, would cause the constitutional violation.

However, a defendant may not be held liable merely because he was present at the scene or because he was part of the same group or operation as another officer.

You must consider the conduct of each defendant separately. The plaintiff must prove that each individual defendant, through his own actions, caused the alleged constitutional deprivation.

In order to prevail on a § 1983 claim against any of the defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the individual defendant acted under color of state law; and

Second, the act(s) of the defendant deprived Damien Alvarado of particular rights under the Fourth Amendment of the United States Constitution as explained in later instructions; and

Third, the defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that each of the defendants acted within the scope of their employment as City of Tucson Police Department police officers when the subject encounter occurred.

The defendant's conduct is an actual cause of Damien Alvarado's death only if the death would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

**If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove in the next instruction, your verdict should be for the plaintiff Irene Briseno. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the individual defendant.**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself, or others, or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff Irene Briseno must prove by a preponderance of the evidence that the defendant officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

(1)    the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)    whether the decedent posed an immediate threat to the safety of the officers or to others;

(3)    whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

(4)    the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of the decedent's injury;

(7)    any effort made by the officers to temper or to limit the amount of force;

(8)    the severity of the security problem at issue; and

(9)    the availability of alternative methods to take the decedent into custody or to subdue the decedent.

**10)   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability, i.e., which party created the dangerous situation, and which party is more innocent.**

**"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the decedent has committed or was committing a crime.**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been

ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research

or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.

On the verdict form, you will find a separate section for each Defendant. For each individual Defendant, you must answer two questions.

The first question asks whether that Defendant used excessive force in violation of Damien Alvarado's Fourth Amendment rights.

If you answer "No" as to a Defendant, your deliberations are complete as to that Defendant, and you should proceed to the next Defendant.

If you answer "Yes" as to a Defendant, you must then answer the second question.

The second question asks whether that Defendant's use of excessive force was the cause of Damien Alvarado's death.

Your verdicts must be unanimous.

After you have reached unanimous agreement, your foreperson should complete the verdict forms to reflect your deliberations, sign and date it, and notify the bailiff that you are ready to return to the courtroom.

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.